790.

## MARIE E. L. J. FRERE, Wife and others, v. CORINNE PERRET, Wife and others.

Where defendant contended that the terms "*will convert*," instead of "is about to convert" her property into money, is too vague and indefinite to authorize the attachment against her;

Held—That the allegations and affidavit in this case substantially comply with the law and justified the attachment.

The essential part of the law is not that the debtor is about to convert her property into money, for there is no wrong in that, but that she will do so, "with the intent to place it beyond the reach of her creditors."

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train*, J.   *F. Gates*, for plaintiffs and appellants.   *Tucker, Davis & Simon*, for defendants and appellees.

LUDELING, C. J.   The plaintiff sued out an attachment against the defendant under the provisions of the act of 1868, creating additional grounds for attachments.   Revised Statutes, section 109.   The attachment was dissolved on motion, on the ground that the allegations of the petition were insufficient.   The allegations are, that " the defendant had already disposed of and assigned the notes attached, by pledging them for advances, and that she will further assign said notes and convert them into money with the intent to place them beyond the reach of the petitioner, who is creditor."   The statute provides that when a party " has converted, or is about to convert his property into money or evidences of debt, with intent to place it beyond the reach of his creditors " they may attach the property.   The counsel for defendant contends that the terms "·will convert," instead of " is about to convert " her property, is too vague and indefinite to authorize the attachment; that it refers to the indefinite future, whereas the terms of the law refers to the immediate future.

We deem it unimportant to consider particularly the philological differences between the terms of the law and those of the petition.   The Civil Code directs that " the words of the law are generally to be understood in their most usual signification, without attending so much to the niceties of grammar rules, as to the general and popular use of the words."   Article 14.   The essential part of the law is not that the debtor is about to convert her property into money—for there is no wrong in that—but that she will do so, " with the intent to place it beyond the reach of her creditors."   We think the allegations and affidavit in this case substantially comply with the law and justified the attachment.

It is, therefore, ordered that the judgment of the lower court be set aside, that the exception be overruled, and that the cause be remanded to be proceeded with according to law.   It is further ordered that the appellee pay costs of appeal.

WYLY, J., *dissenting.*   As the affidavit is merely that the averments of the petition are true, that instrument must be examined to see whether the plaintiff has shown sufficient grounds for the attachment.

The petition alleges that the plaintiff is a creditor of the defendant for $4711 90 ; that the defendant, Corinne Perret, in execution of her judgment against her husband, seized and sold half of a sugar plantation, and that plaintiff became the purchaser for $13,000 ; "that said Mrs. Corinne Perret, having pledged her said judgment as collateral to secure the advances made, and to be made by the house of Beraud, Gilbert & Co., your petitioner could not safely pay the price bid, but arranged it with the said Mrs. Perret to pay a certain amount cash, say $2000, and furnish for the balance her mortgage notes bearing on the property so purchased by her, the said notes to be placed in the hands of Beraud, Gilbert & Co., as a substitute for the judgment pledged, said judgment to be returned with the pledge thereof canceled and transferred to your petitioner—the writ of *fi. fa.* thereupon to be returned satisfied.   All of which was done as above set forth.

Your petitioner alleges that Mrs. Corinne Perret, wife, etc., has no other property in her own right, of which your petitioner has any knowledge, except the two notes thus given by her; and further, that she has already disposed of and assigned, by pledging said notes to said Beraud, Gilbert & Co., of New Orleans, and that upon said pledge she has obtained advances of money and supplies, for which said notes are liable in the hands of the pledgees, and that she will further assign said notes and convert them into money for the purpose of placing them beyond the reach of your petitioner, who is a creditor."

I see nothing in these averments to justify the attachment, which was granted.   By plaintiff's own judicial confession the pledging of the notes was arranged by herself.   It was evidently to her advantage to make the arrangement which resulted in pledging these notes to Beraud, Gilbert & Co., because by it, instead of paying $13,000 cash on her bid, she only paid $2000, and gave her notes for the balance of the price.

How the plaintiff arranging, advising, and benefiting by the pledge to Beraud, Gilbert & Co., can now turn around and set up that as a valid ground to issue an attachment against the defendant, I can not imagine.   The plaintiff, consenting to the pledge of the notes for supplies furnished, and to be furnished, by Beraud, Gilbert & Co., has no right to complain on account thereof, so therefore, the statement of the fact that the defendant has already "assigned by pledging" adds nothing to the clause "that she will further assign said notes and convert them into money for the purpose of placing them beyond the reach of your petitioner, who is a creditor."

The statement of a fraudulent disposition of part of the property already made would add great weight to the averment of a creditor that he believed there would be a "further assignment" of property for the purpose of placing it beyond his reach. But where there has been no fraudulent "assignment" he bare averment "that she will further assign said notes and convert them into money," etc., is not sufficient in my opinion to authorize the writ of attachment.

It has repeatedly been held that the remedy of attachment is a harsh one; and the party seeking it must place himself strictly within the requirements of the law. The statute requires an affidavit that the debtor "has converted, or is about to convert, his property into money. or evidences of debt with intent to place it beyond the reach of his creditors."

In the petition it is not shown that the defendant has "converted or is about to convert," her property, etc.

There is a marked difference between the averment that the defendant "will convert," and the statement that she is "about to convert." Under the law an attachment will lie if the affidavit shows that the debtor is "about to leave the State permanently," but the averment simply that "he will leave the State," etc., does not meet the requirement of the law, and I apprehend this will not be disputed by any one.

It is true the language of the law is not sacramental, nor is the niceties of grammar material, but words of like import must be used. The word "about" is not meaningless, it indicates the time the contemplated fraud will be perpetrated. A creditor might not be able to swear that his debtor is about to leave the State permanently, while he could safely state that he will leave the State permanently. If the debtor contemplated leaving in six or twelve months, the latter statement could not well be considered false, but not so with the former. The statute requires not only the averment that a fraudulent assignment will be made, but also some indication of the time of making it; that it is about to be made, or that it will immediately be made.

While a debtor is planting his crop, his creditor might have the best reason to believe that when it is gathered (six month's hence) he will fraudulently dispose of it.

He might truthfully swear that he will fraudulently dispose of it, (meaning when gathered,) yet he could not swear that he is about to dispose of it.

A liberal construction placed on the law, might possibly justify the conclusion that "will dispose of" means "is about to dispose of," but no liberal construction can be placed on the law of attachment, according to the repeated decisions of this court. Such a law must be construed strictly.

A strict construction of the law, in my opinion, will not justify the conclusion that " will assign " means or is equivelent to the words "is about to assign," etc.

For the foregoing reasons I feel bound to dissent from the opinion of the majority of the court.